UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
LUIS CORTEZ,

                Petitioner,            **MEMORANDUM AND ORDER**

                                      Case No. 11-CV-3545 (FB)

      -against-

ADA PEREZ,

                Respondent.

------------------------------------------------x

*Appearances:*
*For the Petitioner:*               *For the Respondent:*
LUIS CORTEZ, *pro se*         KATHLEEN M. RICE, ESQ.
#09-A-0626                   Nassau County District Attorney
Downstate Correctional Facility    262 Old County Road
Post Office Box F             Mineola, New York 11501
Fishkill, New York 12524

                                By JUDITH R. STERNBERG, ESQ.
                                 ILISA T. FLEISCHER, ESQ.
                                 Assistant District Attorneys

**BLOCK, Senior District Judge:**

      Luis Cortez is currently in custody pursuant to a state-court judgment of

conviction for second-degree robbery.  Pursuant to 28 U.S.C. § 2254, he petitions for

a writ of *habeas corpus* on the ground that admission of a statement he made to law

enforcement at the time of his arrest violated his Fifth Amendment privilege against

self-incrimination.  For the following reasons, the petition is denied.

# I

Cortez's conviction stems from a 2007 home-invasion robbery in Garden City, Nassau County. The getaway vehicle was traced to Katrina Maldonado, who informed Detective Matthew Ross that the car belonged to Cortez, her brother-in-law. In an interview with Ross, Cortez stated that he had lent the car to a friend. Ross did not place Cortez under arrest at that time. Several months later, however, officers arrested Cruz Mateo, a participant in the robbery. Cruz implicated Cortez, leading Ross to arrest him.

The circumstances of Cortez's arrest were recounted at a pretrial hearing on Cortez's motion to suppress a statement he made at the time of his arrest. Ross testified that he, Detective Carl Strange and other officers went to an apartment in the Bronx. A woman responded to their knock and told them that Cortez was in the apartment. Cortez then came into the hallway, at which point Ross told him he was under arrest for the robbery in Garden City. As Cortez was being handcuffed, he asked, "[W]hat do you mean?" Ross responded, "All the evidence along with the statement I have, you are under arrest." Cortez then made the statement at issue: "I was there but I never went in the house." Hr'g Tr. (Sept. 25, 2008) at 18. Cortez had not been read his *Miranda* rights when he made the statement.

At the conclusion of the hearing, the trial court found that Cortez's statement "was given not as a result of any custodial interrogation but as a response to a question asked by the defendant at the time, and therefore is admissible." *Id.* at 41.

Additional circumstances concerning Cortez's arrest were adduced at trial. In his cross-examination of Ross, defense counsel introduced Ross's grand jury testimony, which presented a slightly different account:

> I said to Mr. Cortez, do you remember the conversation we had nine months earlier, that I would be back if what you told me wasn't the truth?
>
> He said, yes. . . .
>
> I said, I am back, and you're under arrest. . . .
>
> As Detective Strange and myself walked him to the elevator, he stated to me that he was there, but he never went into the house.

Trial Tr. (Nov. 18, 2008) at 432-33. That version of events is consistent with Strange's trial testimony:

> Detective Ross asked [Cortez] to step out in the hallway. At that point, Detective Ross said, Do you remember me? Do you remember nine months ago I said if you lied to me, I would place you under arrest? He said, Well, you're under arrest. . . .
>
> The defendant was asking, What am I being arrested for? . . . Detective Ross said, You're being arrested for the home invasion in Garden City. . . .
>
> [Cortez] said, I was there, but I didn't go in the house.

3

*Id.* at 465.

Cortez appealed his conviction, challenging, *inter alia*, the admission of his statement to Ross. The Appellate Division rejected the challenge on the ground that "[a] defendant may not rely upon trial testimony to challenge a suppression issue where, as here, he failed to request a reopening of the suppression hearing." *People v. Cortez*, 916 N.Y.S.2d 176, 177 (2d Dep't 2011) (quoting *People v. Maxis*, 855 N.Y.S.2d 251, 252 (2d Dep't 2008)). After the Court of Appeals denied leave, *see People v. Cortez*, 16 N.Y.3d 894 (2011), Cortez timely filed his *habeas* petition.

## II

Normally, the Appellate Division's reliance on a state procedural rule would preclude *habeas* review unless Cortez could show cause and prejudice for his failure to follow the rule. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The State, however, has not invoked procedural default as a basis for denying the petition, and instead defends the admission of the statement on the merits. *See Gray v. Netherland*, 518 U.S. 152, 165-66 (1996) (holding that procedural default is an affirmative defense subject to waiver). Accordingly, the Court will review the issue *de novo* based on the entire state-court record. *See Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006) ("If a federal claim has not been adjudicated on the merits, AEDPA deference is not required[.]").

"To give force to the Constitution's protection against compelled self-incrimination, the Court established in *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)] 'certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing custodial interrogation.'" *Florida v. Powell*, 559 U.S. 50, 59 (2010) (quoting *Duckworth v. Eagan*, 492 U.S. 195, 201 (1989)). Since the State does not dispute that Cortez was in custody when he made the statement, the sole issue is whether Ross's interaction with him constituted "interrogation."

"[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). "A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation." *Id.* "But, since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." *Id.* at 301-02.

No part of Ross's interaction with Cortez amounted to "interrogation" under *Innis*. In context, "Do you remember nine months ago I said if you lied to me, I would place you under arrest?" was a rhetorical, somewhat sarcastic preface to Ross's announcement that Cortez was, in fact, under arrest. It may have been reasonably likely to evoke a yes or no answer, but not Cortez's statement that he was present at the scene of the robbery.

In any event, Cortez's inculpatory statement did not immediately follow Ross's prefatory question. It came only after Ross told Cortez why he was being arrested. As the state trial court correctly recognized, *that* statement did not constitute "interrogation" because it did no more than respond to a direct question from Cortez.

## III

In sum, the Court concludes that the admission of Cortez's statement did not violate *Miranda*. Accordingly, his petition for a writ of *habeas corpus* is denied. Because Cortez has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 3, 2014